Note.—See 4 C. J. p. 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.

---

## MORRISON v. REED et al.

No. 17905. Opinion Filed April 10, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

**Indians—Limitation of Actions—Action by Grantor to Recover Allotment Held Adversely 18 Years. Under Void Deed Barred by Statute, Land Being Unrestricted at Time of Conveyance.**

Even though a deed, executed by a Creek Indian conveying his surplus allotment, is invalid because made in pursuance of a contract entered into while the land was restricted and because executed under duress, the land being unrestricted at the time the deed was executed and immediate possession having been taken by the grantee, and continuously and adversely held under the deed, held, an action in such case, brought by the allottee 18 years thereafter to recover the land is barred by limitation.

Commissioners' Opinion, Division No. 2.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action in ejectment by Hence Morrison against M. J. Reed and others. Judgment for defendants, and plaintiff appeals. Affirmed.

R. D. Howe, for plaintiff in error.

Anglin & Stevenson and Forrest M. Darrough, for defendants in error.

HERR, C. This is an action brought by plaintiff against the defendants to recover the possession of 80 acres of land in section 30, township 9 north of range 10 east, in Hughes county. Judgment on the pleadings was rendered in favor of defendants. Plaintiff appeals.

This judgment was rendered on the theory that plaintiff's petition showed, upon its face, that the action was barred by limitation. The judgment is correct.

It is alleged that the premises constituted the surplus allotment of the plaintiff, a Creek citizen of the half-blood; that on the 27th day of April, 1907, he conveyed the premises to C. W. Thatcher; that thereaf-ter, and on the 1st day of July, 1907, he also executed a deed thereto to Thomas Atkinson; that on August 9, 1907, a second deed was executed by plaintiff to said Atkinson. The defendants claim through Atkinson and his grantees.

It is alleged that both deeds executed to Atkinson were executed under duress; that said Atkinson took a pistol and threatened to kill plaintiff unless he executed the deeds, and that said deeds were so executed through fear. It is further alleged that an additional $100 was paid upon the execution of the last deed.

It is contended by plaintiff that the deed to Thatcher and the deed of July 1, 1907 to Atkinson are both void because the land was at that time restricted, and it is further contended that the deed of August 9, 1907, was also void because in violation of section 19 of the Act of Congress of April 26, 1906.

It is, however, conceded that the land was free from restriction on August 9, 1907, the date of the last deed. It is not necessary to a decision in this case to determine the validity of the deed last mentioned; it is sufficient to say, even though such deed be wholly void, plaintiff's cause of action still would be barred.

The petition shows that the grantee took immediate possession under the deed; that he and his assigns remained in continuous, exclusive and adverse possession thereof, and were claiming and holding possession under the deed at the time suit was filed.

The suit was filed June 3, 1925, almost 18 years after the execution of the last deed. The land was, at that time, unrestricted; the statute therefore began to run immediately upon its execution and delivery.

In the case of Schrimpscher v. Stockton, 183 U. S. 290, it is said:

"The deed of an Indian, who has received a patent of land providing that it should never be sold or conveyed by the patentee or his heirs without the consent of the Secretary of the Interior, is void, and the statutes of limitation do not run against the Indian or his heirs so long as the condition of incompetency remains; but where it appeared that by treaty subsequent to the deed, all restrictions upon the sales of land by incompetent Indians or their heirs, were removed, it was held that from this time the statute of limitation began to run against the grantor and his heirs."

This case is decisive of the question here presented. Judgment should be affirmed.

BENNETT, JEFFREY, DIFFENDAF-

FER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 31 C. J. p. 520, §91.