## PRYOR v. DEAN et al.

No. 20879.   Opinion Filed May 3, 1932.

Rehearing Denied May 24, 1932.

J. B. Campbell, Hugh M. Sandlin, and J. Ralph Knight, for plaintiff in error.

V. R. Biggers and Orr & Woodford, for defendants in error.

KORNEGAY, J. The lower court found against the plaintiff, W. W. Pryor, who is now the plaintiff in error. The suit was instituted August 1, 1927, and was to recover a one-third interest, subject to a life estate of the surviving husband, in the allotment of a full-blood Creek Indian woman, who died intestate in January, 1907, seized of the land and holding patent, leaving a husband and three minor children, all being of the full-blood. Amended petition was filed July 23, 1928, to recover the absolute one-third interest.

A salient fact in the case is that it is but another one of the lawsuits that have come from change in court decisions concerning Indian land titles. For a long time it was by the legal profession thought, and by our Supreme Court held, that curtesy existed in the Creek Nation, and that where a married woman died, leaving children by her husband, he would succeed to a life interest in her land, and that, subject to his life interest, the land would descend to their children, and that under the Arkansas law, substituted for the

Creek Law of descent in the year 1902, there was what was known as "curtesy consummate."

In 1928, the Supreme Court of the United States held, in Marlin v. Lewallen, 72 L. Ed. 467, that owing to the wording of the Creek Treaty, curtesy did not exist. The Creek allottee, who was a married woman, had died intestate, and the county court in dealing with her property, and all parties in dealing with it, had acted on the theory that the husband had a life interest in the property. Three minors were left when the original allottee died, January 27, 1907, and one of them died after statehood. The county court at that time, and all other parties, acted on the theory that the father succeeded to the interest of the dead child.

The act of Congress of May 27, 1908, 35 Stat. at L. 312, prescribes, in section 9, as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land; Provided that no conveyance of any interest of any full-blood Indian heir in such land shall be valid, unless approved by the court having jurisdiction of the settlement of the estate."

Here the guardian's deed was delivered, conveying the interest of plaintiff's grantors, with a recital that it was two-thirds of the whole and was regular, and was recorded August 27, 1910. The deed of the guardian, conveying his individual interest, which was thought by all parties to be a life interest and one-third in remainder by inheritance from his child, was executed June 3, 1910, and approved by the county court. Under these deeds, adverse possession was held by defendants and their grantors of the entire land from January 1, 1911. Consequently, on January 1, 1926, their possession of 15 years gave title by prescription. Plaintiff's grantor, Alfred Harjo, became of age in July, 1922, and all his claims were barred by limitation on January 1, 1926, and the other grantor, Nancy Harjo, became of age in March, 1921, and was barred by limitation January 1, 1926, when the 15-year term was ended. To the effect that when the restrictions were removed the state statutes of limitation become operative, see Sperry Oil & Gas Co. v. Chisholm, 264 U. S. 488, 68 L. Ed. 803, and Harris v. Bell, 65 L. Ed. 159, and Morrison v. Reed, 130 Okla. 297, 267 P. 466, citing Schrimpscher v. Stockton, 183 U. S. 290, 46 L. Ed. 203.

The action of plaintiff was therefore barred when brought. Having reached this conclusion, it is not necessary to discuss a great many other matters suggested in the briefs.

The cause is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.